ADAM PAUL LAXALT
Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendant*



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDY A. EVANS,

    Plaintiff,

vs.

D. BAZE, et al.,

    Defendants.

Case No. 3:17-cv-00491-MMD-CBC

ORDER

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO SUBMIT CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT**

Defendant, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court to enlarge the time to submit his Confidential Early Mediation Conference Statement. This motion is based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 10 at 1. Plaintiff, Randy Evans (Plaintiff), is an inmate in the custody of the Nevada Department of Corrections (NDOC). *Id.* The events at issue in his complaint allegedly occurred on October 27, 2016, while Plaintiff was incarcerated at Lovelock Correctional Center (LCC). *Id.* at 3-4.

///

1

Plaintiff alleges that Defendant, Correctional Officer Sanchez (Defendant), violated his rights under the Fourteenth Amendment (equal protection) and Eighth Amendment to the United States Constitution. *Id.* at 7-9. Plaintiff also alleges that Defendant is liable to him for intentional infliction of emotional distress (IIED). *Id.* at 10.

This Court ordered the parties to participate in an Inmate Early Mediation Conference (EMC) on Tuesday, November 13, 2018. ECF No. 18 at 1. In preparation for the EMC, the Court also ordered the each party to send a confidential mediation statement for the mediator's review by 4:00 p.m. on Tuesday, November 6, 2018. *Id.* at 4-5. Unfortunately, Defendant are unable to complete their EMC statement by this deadline. Defendant's counsel has not yet received Plaintiff's NDOC medical records, which are crucial in analyzing Plaintiff's claim for intentional infliction of emotional distress (IIED). Accordingly, Defendant respectfully requests that this Honorable Court allow him until 4:00 p.m. on Thursday, November 8, 2018, to submit his EMC statement.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's

diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good cause exists to enlarge the time for Defendant to submit his EMC statement.

Here, Defendant requests an enlargement of time to submit his EMC statement. Specifically, Defendant requests that he be allowed two addition days (until Thursday, November 8, 2018, at 4:00 p.m.) to submit his statement. Defendant needs this additional time in order to obtain Plaintiff's NDOC medical records for the purpose of analyzing his IIED claim. Without Plaintiff's medical records, Defendant and his counsel cannot properly evaluate his IIED claim and make settlement decisions.

Defendant seeks this extension of time in good faith and not for any improper purpose. Defendant asserts that this extension of time should not affect the upcoming EMC, because the mediator will still receive the statement in sufficient time to prepare for Tuesday's EMC.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Honorable Court grant his motion and allow him up to Thursday, November 8, 2018, at 4:00 p.m. to submit their EMC statement.

Dated this 6th day of November, 2018.

ADAM PAUL LAXALT
Attorney General

By: /s/ Gerri Lynn Hardcastle
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

U.S. MAGISTRATE JUDGE
DATED: 11/7/2018